Sanford R. Landress, OSB #81438
E-mail: sandford.landress@greenemarkley.com
Jessica L. Shoup, OSB #084726
E-mail: jessica.shoup@greenemarkley.com
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434
    Attorneys for R City, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Sid Alexander Carter,<br><br>　　　　Debtor.<br>─────────────────────<br>R City, Inc., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sid Alexander Carter,<br><br>　　　　Defendant. | Case No. 10-40837-elp13<br><br>Chapter 13<br><br>Adversary Case No. 11-03112-elp<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO § 523(A)(2), (4), AND (6)**<br><br>(JURY TRIAL REQUESTED) |

Plaintiff and creditor R City, Inc. ("R City") brings this action against defendant and debtor Sid Alexander Carter ("Carter") to determine the non-dischargeability of his debt to R City pursuant to 11 U.S.C. Section 523 (a)(2), (4) and (6) and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1.　The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 157

Page 1 -　**COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11

and 1332 and 11 U.S.C. § 523. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(I) and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

3. Plaintiff R City is, and at all times herein mentioned was, a California corporation. Until July 3, 2010, R City operated a restaurant/wine bar called "The Must" at 118 West 5th Street, Los Angeles (the "Premises").

4. Debtor does not hold an ownership interest in R City, Inc. or "The Must."

5. Debtor and defendant Carter is an individual residing in the State of Oregon at 2055 NW 29th Ave. #6, Portland Oregon.

6. Carter is a controlling member and co-principal with Julie Rico Bastarache ("Rico"), in Weeneez LLC, a California limited liability company with its principal place of business in Los Angeles.

7. Julie Rico Bastarache is a debtor in Central District of California bankruptcy case number 2:10-bk-58962-PC. Weeneez, LLC. is the debtor in Central District of California bankruptcy case number 2:10-bk-58946-ER.

**STATEMENT OF FACTS**

8. R City was incorporated in July 2008 and began to search for a location to lease for its wine bar.

9. Weeneez, LLC, was the primary tenant of a portion of real property located at the corner of 118 West 5th Street and 500 South Spring Street in downtown Los Angeles. Weeneez, LLC operated a café out of the building and leased the entire space from Security Building Loft Partners under a master lease that was not due to terminate until January 2012 and could be extended a further five years to January 2017.

///

Page 2 - COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11

10. On November 8, 2008, Rico and Carter, on behalf of Weeneez, LLC, entered into a lease agreement (the "Agreement") with R City to sublet a portion of the Premise to R City for the purpose of establishing and operating "The Must".

11. The Agreement term was contemporaneous with the master lease agreement that Weeneez, LLC, had entered into with Security Building Loft Partners.

12. Under the terms of the Agreement, R City agreed to pay a "Monthly Working Capital Payment," i.e., rent, of $4,000 per month, to Weeneez. LLC, for the Premises.

13. The Agreement did not form any sort of partnership or other joint venture between Weeneez, LLC, and R City. Section 13.13 expressly states: "The parties to this Agreement are independent contractors. There is no relationship of agency, partnership, joint venture, employment, or franchise between the parties. Neither party has the authority to bind the other or to incur any obligation on behalf of the other."

14. The Agreement specified that R City's personal property was unambiguously its property and would remain so upon termination of the Agreement. Section 11.9 of the Agreement states: "Upon termination or expiration of this Agreement, [R City] may retain title to any furniture, fixtures, and equipment that were acquired by [R City] during the term of this Agreement."

15. In reliance on the Agreement and the lease term, R City began construction on improvements to the premises in order to open its wine bar. R City invested over $250,000 in those improvements, and opened "The Must" in December 2008.

16. After opening in December 2008, "The Must" grew in popularity and profitability to the point where it had eighteen employees and monthly revenues exceeding $100,000.

/ / /

Page 3 - COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

17. In mid to late 2009, Rico and Carter devised a plan to secretly try to sell through advertising, both the Weeneez, LLC café operation and "The Must."

18. In or about November 2009, R City became aware that Rico and Carter were seeking to sell Weeneez' operation and "The Must" to prospective buyers. R City protested, and Rico and Carter appeared to suspend its sales efforts for a period of time.

19. In April 2010, R City initiated an arbitration against Weeneez, LLC., Rico, and Carter to resolve various issues the parties were having pertaining to the Agreement.

20. In April 2010 R City discovered an on-line advertisement by which Rico and Carter again appeared to be trying to sell "The Must". The advertisement expressly stated that any potential buyers should not contact employees of "The Must." Again, R City protested, and the advertisement appeared to be removed.

21. Unbeknownst to any of the principals or employees of "The Must", in the early months of 2010, Rico and Carter were negotiating with David A. McGrath ("McGrath") to sell the Weeneez, LLC operation as well as "The Must."

22. The negotiations between Rico, Carter and McGrath (and/or McGrath's agents) pertained to McGrath purchasing substantially all of the assets of the business operated by Weeneez at the Premises, including the assets of The Must.

23. In their efforts to negotiate the sale, McGrath, Rico and Carter contemplated that Rico and Carter terminating the existing master lease between Weeneez, LLC and the landlord so that McGrath could obtain a new lease at the premises and gain a fraudulent possessory right over the entire Premises, including the portion occupied by R City and "The Must."

24. The landlord and others agreed to participate with Rico, Carter and Weeneez in terminating Weeneez' lease, but only on the condition that Weeneez would indemnify the landlord against any action brought against it by the principals of "The

Page 4 - COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11

Must."

25. Pursuant to Rico, Carter, and McGraths negotiations, McGrath paid Weeneez $250,000 for a 51 percent ownership interest in both businesses (Weeneez and The Must), with Rico and Carter owning the remaining 49 percent.

26. On or about June 30, 2010, the landlord and McGrath entered into a new lease for the space that was still innocently occupied by "The Must."

27. On July 1, 2010, the landlord and Weeneez entered into a Lease Termination Agreement. Under the terms of the Termination Agreement, Weeneez agreed to indemnify the landlord against potential claims and damages that may be suffered as a result of the termination of "The Must's" sub-tenancy under the former lease held by Weeneez.

28. No form of notice of the Lease Termination Agreement was provided to R City by any of the individuals or entities with knowledge that R City would be damaged by the lease termination.

29. R City continued to operate "The Must" on the understanding that over a year and a half remained in the term of the original master lease and the Agreement it had with Weeneez.

30. R City performed each and every obligation on its part under the Agreement. On June 30, 2010, R City paid its rent as usual in the amount of $4,120. The check was left on Rico's desk. Rico cashed the check on or about July 1 and kept the money.

31. On Friday, July 2, R City had various personal property within the Premises such as inventory in the form of wine and beer, chairs, glassware, refrigerators, various equipment and an office computer (the "Movable Personal Property") as wells as booths, lights, cabinets, tables and similar equipment (the "Furnishings"). "The Must" had

Page 5 - COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11

eighteen employees.

32. On July 2, 2010, at 2:00 a.m. on Saturday morning, the employees of "The Must" locked the doors and left for the night.

33. On July 2, 2010 at some time after 2:00 a.m., Rico and Carter caused a movers in a white moving truck to remove all of "The Must's" Movable Personal Property from inside the Premises.

34. Rico, Carter and/or McGrath were present to supervise the removal of the Movable Personal Property on July 2, 2010. Rico, Carter and/or McGrath also covered the windows of "The Must" with brown paper, and changed the locks and padlocked the doors. "The Must's" Furnishings remained inside the Premises.

35. Rico, Carter, and/or McGrath posted three notices on the windows. Two of the notices purported to terminate the Agreement and fraudulently indicated that R City would have an opportunity to remove its own possessions - even though the possessions had already been removed. The third notice sought to solicit "The Must's" employees to work at the future restaurant/bar that was to be opened at the Premises.

36. Rico, Carter, and/or McGrath put the Moveable Personal Property in a storage unit. Rico surrendered the keys to the storage unit on July 8. Rico did not permit R City to repossess the Moveable Personal Property until July 14. The Moveable Personal Property was damaged by the move and by the heat within the storage unit.

37. As of the date of this Complaint, McGrath is in possession of the Premises and continues to hold "The Must's" Furnishings.

38. Due to the above described actions of Rico, Carter, and McGrath, R City lost its quarter-million dollar investment in "The Must", "The Must's" million dollar annual revenue, clientele, and the livelihood of "The Must's" principals and employees.

/ / /

Page 6 - COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11

## FIRST CLAIM FOR RELIEF

## (11U.S.C. § 523(a)(2) - Fraud)

39. R City realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 38 above.

40. Carter obtained money, property, services, or an extension, renewal, or refinancing of credit, by false pretenses, a false representation, or actual fraud, other than a statement respecting Carter's financial condition.

41. As a member and principal of Weeneez and one of the signatories of the Agreement, Carter knew that R City owned "The Must", that R City's expectation was that it had secured the Premises through January 2012 if not January 2017.

42. Carter had knowledge that R City was the rightful owner of all of the Personal Property located within the Premises.

43. Carter had a duty to disclose any material changes that might affect R City's lease of the Premises.

44. By word and deed, Carter falsely represented to R City that he did not claim an ownership interest in "The Must", that he had withdrawn the offer to sell "The Must" to a third party, and that R City could and should pay rent for the month of July 2010.

45. Carter fraudulently sold "The Must" to McGrath, participated in a scheme to terminate the master lease, locked or caused R City to be locked out of the Premises, and took over R City's business, "The Must," stole "The Must's" customers and employees.

46. Carter, or an insider to Carter, benefitted from for his acts against "The Mint" and R City.

47. R City justifiably relied on Carter's false statements, misrepresentations and omissions.

Page 7 -   COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

48. Carter's false statements and other fraudulent conduct proximately caused the losses suffered by R City and its employees.

49. Carter's conduct was willful and intended to cause injury to R City.

50. Carter obtained money and property by false pretenses, false representations, omissions, and actual fraud, and is therefore, not entitled to a discharge of the debt owed to R City, the amount of which is estimated to at $4 million.

## SECOND CLAIM FOR RELIEF

## (11 U.S.C. § 523(a)(4) - Conversion/Larceny)

51. R City realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 50 above.

52. Carter committed fraud or defalcation while acting in a fiduciary capacity, embezzled, and committed larceny against R City and "The Must."

53. At all times herein mentioned, and in particular on or about July 3, 2010, R City was, and still is, the owner of the Moveable Personal Property, the Furnishings and other kitchen equipment and inventory that remain within "The Must's" former Premises.

54. On or about July 2, 2010, the property described in paragraph 53 had a value of over $100,000.

55. On or about July 3, 2010, Carter wrongfully took or caused the wrongful taking of the personal property from R City's possession and converted the property to his own use.

56. As a proximate result of Carter's conversion/larceny, R City has suffered and will continue to suffer damages for loss of use of its property and disruption to its business, "The Must" in an amount estimated to be $4 million.

57. R City estimates that the fair rental value of its personal property was $400 for the ten days before the Moveable Personal Property was returned and that the fair

Page 8 -    COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

1 rental value of the Furnishings is $1,300 per month.

58. R City expended $4,667 in retrieving the Moveable Personal Property and will spend further sums to store that property appropriately.

59. Carter and/or his agents physically damaged R City's personal property described above. R City has suffered damages and will suffer damages for repair costs or irreparable property damage to such personal property.

60. Carter is not entitled to a discharge of the debt owed to R City, the amount of which is estimated to be approximately $150,000.

61. In taking, wrongfully acquiring, possessing, and detaining the property described above, Carter's conduct was willful and maliciously intended to cause injury to R City.

## THIRD CLAIM FOR RELIEF

**(11 U.S.C. § 523(a)(6) - Intentional Interference with Economic Relationship)**

62. R City realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 61 above.

63. From December 2009 to July 2010, R City established an economic relationship in the form of the good will of its customers based, in part, on its name, service, quality of its products, reputation and location. R City also established employment agreements with its eighteen employees, whereby the employees contributed to building that good will.

64. Carter knew of the relationships referenced in paragraph 63 and coveted them for themselves.

65. On or about July 3, 2010, Carter materially participated in a plan that interfered with R City's economic relationships with its customers and employees by:

(i) keeping the termination of Weeneez' lease and the change of tenancy

Page 9 -  COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

secret from R City;

    (ii) secretly removing all of the Moveable Personal Property to a storage facility;

    (iii) changing the locks on the Premises thereby depriving R City of its rightful possession of the Premises;

    (iv) converting the Furnishings and part of R City's inventory;

    (v) posting notices after the removal of R City's personal possessions that fraudulently indicated that R City would have an opportunity to remove its own possessions;

    (vi) posting a solicitation of R City's customers and employees;

    (vii) failing to protect R City's inventory of fine wines adequately so that they roasted within a non-air conditioned storage facility; and

    (viii) physically damaging R City's property so that much of it is in need of repair.

66. The foregoing acts were wrongful, in that they constituted fraud, wrongful dispossession of R City from the Premises, conversion, and physical damage to property.

67. The foregoing acts actually disrupted R City's economic relationships in that R City has been unable to conduct any business at all since July 3, 2010, and will not be able to conduct business for the foreseeable future.

68. As a proximate result of the aforementioned acts, R City has suffered damages in an amount to be determined at trial. Such damages would include damages for the disruption to R City's business, wrongful dispossession of the Premises, dispossession of its personal property, damage to its personal property, amounts expended in its efforts to locate a new location, and any lasting diminution to the value of its business.

Page 10 -   COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11

69. Carter's conduct was willful and malicious and is therefore not entitled to a discharge of the debt owed to R City, the amount of which is estimated to be approximately $4 million.

70. In obtaining money and property by means of fraud, wrongful dispossession of R City from the Premises, conversion and physical damage to property, Carter's conduct was willful and was intended to cause injury to R City.

## FOURTH CLAIM FOR RELIEF

### (Attorney Fees)

71. R City realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 70 above.

72. Pursuant to Penal Code Section 496, R City is entitled to an award of three times the amount of actual damages, costs of suit and reasonable attorneys' fees.

WHEREFORE, R City respectfully requests that the Court enter judgment against Carter as follows:

(a) Declaring that Carter's indebtedness to R City, in an amount to be determined, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2) and/or § 523(a)(4) and/or § 523(a)(6);

(b) Granting a non-dischargeable judgment in favor of R City against Carter, in an amount to be determined, including without limitation, prejudgment and post-judgment interest as provided by law, punitive damages, reasonable attorneys' fees, costs and expenses; and

/ / /
/ / /
/ / /
/ / /

Page 11 - COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11

(c) Granting R City any other and further relief to which it may be entitled.

DATED this 25th day of February, 2011.

                              GREENE & MARKLEY, P.C.

                              By   /s/Jessica L. Shoup
                              Jessica L. Shoup, OSB #084726
                              jessica.shoup@greenemarkley.com
                              Sanford R. Landress, OSB #81438
                              sanford.landress@greenemarkley.com
                              Telephone:  (503) 295-2668
                               Attorneys for Plaintiff, R City, Inc.

Page 12 -   COMPLAINT FOR DENIAL OF DISCHARGE UNDER § 523(A)(2), (4), AND (6)

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I CERTIFY that, on the date set forth below, true and correct copies of **COMPLAINT** |
| 3 | **FOR DENIAL OF DISCHARGE UNDER** § **523(A)(2), (4), AND (6)** , were served by |
| 4 | electronic notice through the bankruptcy court's ECF system, upon the following: |
| 5 | Ann K. Chapman, Esq. |
| 6 | vbcserviceannchapman@yahoo.com |
| 7 | Of Attorneys for Debtor |
| 8 | Wayne Godare |
| 9 | wayneg@portland13.com |
| 10 | Trustee |
| 11 | U.S Trustee |
| 12 | USTP.Region18@usdoj.gov |

DATED this 25th day of February, 2011.

/s/Jessica L. Shoup
Jessica L. Shoup, OSB #084726
Attorneys for Plaintiff, R City, Inc.

Page 1 of 1 - CERTIFICATE OF SERVICE

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 11-03112-elp    Doc 1    Filed 02/25/11